IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT B. MARTIN, JR.,

    Petitioner,                     No. 2:11-cv-3320 KJN P

    vs.

BUTTE COUNTY JAIL, et al.,           ORDER

    Respondents.

_____/

        Petitioner is a prisoner presently housed in the Butte County Jail, and is proceeding without counsel. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        This court has the authority to dismiss habeas actions *sua sponte* under the Rules Governing § 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."); see also Docken v. Chase, 393 F.3d 1024, 1025 n.1 (9th Cir. 2004) (recognizing a district court's authority under Rule 4 to dismiss habeas petitions for failure to state a claim).

Federal courts may intervene in the state judicial process only to correct constitutional violations. Engle v. Isaac, 456 U.S. 107 (1983). A federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Estelle v. McGuire, 502 U.S. 62 (1991).

Here, petitioner is not alleging he is "in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is not challenging his September 24, 2011 conviction or sentence. Rather, petitioner appears to challenge the conditions of his confinement in the Butte County Jail.

Because this action does not sound in habeas, it should be dismissed. This court has discretion to construe the petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, in this case, the court will not construe petitioner's filing as a civil rights complaint, because it is unclear whether petitioner first exhausted his administrative remedies in connection with his conditions of confinement claims.[1]

////

---

[1] "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

In addition, in filing a civil rights action, petitioner will incur a $350.00 filing fee, even if petitioner is indigent and granted leave to proceed in forma pauperis.[2] 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted; and

2. This action is dismissed without prejudice. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: January 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart3320.dm

---

[2] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.